*486 [ The object of complainant’s bill is to compel defend-ant to complete his contract for several tracts of land which he bought at sheriff’s sales in January, 1793. The defendant in his answer admits the purchase, and ke was rea(ty ant* willing to comply with it for a considerable time, until he discovered that ho had been deCeived in his purchase. He now refuses to stand to his contract, and insists to be relieved from it altogether, uPon ^ie grounds of deception, misrepresentation, and concealment; and because of the laches of the complain - ant in not making titles for near three years after the gale; although repeatedly applied to for that purpose by the defendant and his friends. He also states in his answer that the principal object which he had in view was the purchase of the tract called True Blue; and being disappointed in getting that tract, he ought not to he compelled to take the others, which he bought only in consequence of his intended purchase of True Blue. -
We must take a view of the evidence produced, to see k°w far the defendant’s answer, is supported by it. Mr. Baily, the first witness examined, proved that the complainant applied to him in April or May, 1795, to draw the conveyances. He found some difficulty in de-during the title: the deeds were however drawn and de-fiycred to the complainant in June following. The defendant frequently told him he would not accept them.
*487 Mr. Theus, the treasurer, proved that True Blue had been mortgaged by J. Courturier, jun. to the public in 1786, and the mortgage being forfeited, the land was sold in April, 1792, and bought in for the public, ten months before the sale of it by the sheriff as the estate of I. Courturier, the father of the mortgagee.
Mr. Marshall proved his demanding in the spring of 1795, in defendant’s name, conveyances from the complainant, who did not then make them, but assigned no reason for not doing it; that defendant was ready to settle, and the money was in the bank.
Mr. Ravenell proved that the defendant thought he had a good bargain; that he went with defendant to see •the land very soon after his purchase, and he was then satisfied with his bargain, although the dwelling-house was out of repair, and there was no fence on the land in the swamp, because it had lately been carried off by a freshet.
It was contended that as the complainant could not make a good title to True Blue; and as that was the principal object of the purchase, defendant therefore should not be obliged to take the other tracts. It must be observed that there is no proof of this; the tracts were sold separately; and it does not seem probable that it was the only inducement, because there were upwards of 200 acres of swamp to the two other tracts alleged to have been purchased on account of True Blue.
From this summary view of the evidence, it is clear there was no deception, misrepresentation, or concealment used by the complainant to induce the defendant to make the purchase. The deception, misrepresentation, or concealment, if any, came from another quarter. And that the circumstance of the house being out of repair; and that the want of fences did not operate on the defendant’s mind, to induce him to reject his purchase, is evident from Mr. Ravenell’s testimony, who swears that the defendant was satisfied with his bargain, after he had taken a view of the premises; and that he continued to be so. appears from his continually demanding titles per *488 sonally and by his Mends for two years and a half after his purchase.}' Whatever may have been the objects of the defendant in the purchase, they are matters exist-*n own breast; they were never imparted to the complainant, nor made a part of the contract. It is not pi'ctendcd that any conversation on that subject ever took place between him and the complainant.'}) As to tiie point of concealment, that has never been proved; nor has it appeared that the circumstance of True Blue’s having been mortgaged to the public, and afterwards sold to satisfy the mortgage, was known to the complainant at the time of the sale: on the contrary it has been ' discovered by -defendant himself only within a very few months past. The complainant was certainly guilty of great laches in not making titles at an earlier period; but that is not sufficient reason to induce the court to rescind the contract, because the defendant had it in his power to compel complainant to make titles, by filing a bill in this court for that purpose.
Upon consideration of the whole evidence in this caso, the court are of opinion the defendant has not supported the three strong grounds of defence, which he set up, viz. deception, misrepresentation and concealment; either of which might have been sufficient to vacate Ms ‘contract. It is not pretended that there is any deficiency in the quantity of'land, or that the quality is different from that for which it was sold; nor can we presume there will be any difficulty in locating it. With respect to the True Blue tract, the sheriff to be sure cannot make titles for .that, from the circumstances before mentioned; but that [will be no impediment respecting the other tracts, as they are independent of True Blue, and were sold separately.
It is therefore ordered and decreed, that the complainant do forthwith make, execute, and deliver to the defendant good and sufficient conveyances for the other tracts in bill mentioned; and that the defendant do thereupon pay to the complainant the amount of the principal of the purchase money for the same; and as it is owing to the complainant’s own neglect that the contract has not *489 been before complied witli, it is further decreed, that the defendant be released from the payment of interest on daid purchase money, until the time of tendering the sities. Lastly that the costs of suit be paid by defendant.